**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RECEIVED

2021 SEP 13 P 12: 09

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **AMY BILLINGSLEY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **CIVIL ACTION NO.** 3:21-cv-612 |
| | ) | |
| **V.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ASPEN DENTAL** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Amy Billingsley, by and through her attorneys

of record, and files this Complaint against the Defendant, Aspen Dental

Management, Inc., and states as follows:

## NATURE OF THE CASE

1.      This is an action under Title I of the Americans with Disabilities Act

of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et

seq., ("ADA"), to correct unlawful employment practices on the basis of disability.

This action is also brought for violations of the Pregnancy Discrimination Act of

1978 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.,

("Title VII"), which prohibit sex discrimination on the basis of pregnancy, and to

provide appropriate relief to Plaintiff.  This action also is brought by Plaintiff for reinstatement, injunctive relief and damages caused by Defendant's violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615 et seq.

2.      As alleged with particularity below, Aspen Dental Management, Inc. ("Defendant" or "Aspen") discriminated against and/or retaliated against Amy Billingsley ("Plaintiff" or "Billingsley"), a qualified female with a disability, when it terminated her employment because of her disability.

3.      Also as alleged with particularity below, Aspen discriminated against and/or retaliated against Plaintiff, a pregnant female, when it terminated her employment because of her status as a pregnant female.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5f (1) and (3).

5.      Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2020-00631.  (Attached to this Complaint as Exhibit A).

6.     On June 30, 2021, the EEOC mailed Plaintiff a Notice of Right to Sue. (Attached to this Complaint as Exhibit B).

7.     Plaintiff has timely filed this action within ninety (90) days of her receipt of the Notice of Right to Sue.

8.     This action is brought in the judicial district where the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## **PARTIES**

9.     Plaintiff was more than nineteen (19) years old at the time of the events in question and is currently a resident of Alexander City, Alabama.

10.     Plaintiff is a person entitled to protection pursuant to the provisions of 29 U.S.C. § 2611(2)(A) to be treated as an "employee" within the meaning of FMLA.

11.     Defendant is a Delaware entity with a principal place of business in East Syracuse, NY.

12.     At all relevant times, Defendant has continuously been doing business in the State of Alabama and in Lee County, Alabama and has continuously had at least fifteen (15) employees.

13.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of

the ADA, 42 U.S.C. §§ 12111(5), (7), and Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

14.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF FACTS

15.     In or about September 2015, Plaintiff began her employment with Defendant.

16.     At all relevant times Defendant employed more than 50 people within 75 miles of its facility located in Opelika, Alabama.

17.     Plaintiff worked more than 1250 hours in the 12 months preceding her need for FMLA leave due to her pregnancy.  As such, she was eligible to apply for FMLA.

18.     Plaintiff excelled at her job with Defendant and, as a result, was offered the position of New Office Operations Manager on June 15, 2018.  This job involved travel and helping Defendant open and establish new dental offices.

19.     In 2018, Plaintiff and her husband decided to have a child.

20.     Upon learning of Plaintiff and her husband's decision, Plaintiff's supervisor Courtney Johnson advised Plaintiff that she "wouldn't advise [Plaintiff] get pregnant" while in her current position at Aspen.

21.     Despite the threatening and disturbing nature of her supervisor's comments, Plaintiff became pregnant in October or November 2018.

22.     Upon learning that she was pregnant, Plaintiff notified Defendant of her pregnancy and requested that she be given pregnancy/FMLA leave beginning the second week of June 2019 since her due date was July 30, 2019.

23.     After Plaintiff became pregnant, she began to be treated much differently by her supervisors and other employees of Aspen.

24.     On June 5, 2019, Aspen notified Plaintiff that she was terminated.

25.     As the basis for her termination, Aspen cited Plaintiff for removing an Oral B toothbrush from a patient's plan to lower the costs of the patient's plan.

26.     The action of removing toothbrushes and other items from a patient's plan to lower the cost of the plan was a routine occurrence such that similarly situated employees engaged in the same conduct regularly without discipline or termination.

27.     Plaintiff was terminated a mere fourteen (14) days prior to her FMLA/Pregnancy leave was due to start.

28.     Based upon the afore-mentioned actions and/or omissions by the Defendant Aspen, Plaintiff was discriminated against, and continued to be discriminated against, because of her status as a pregnant woman.

## COUNT ONE
## (DISCRIMINATION BASED UPON GENDER)

29.     Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

30.     Defendant has engaged in unlawful employment practices in violation of The Pregnancy Discrimination Act and Title VII. These unlawful employment practices include discriminating against Plaintiff on the basis of her status as a pregnant female.

31.     Defendant's termination of Plaintiff's employment on the basis of her status as a pregnant female constitutes discrimination based on sex in violation of The Pregnancy Discrimination Act and Title VII.

32.     Defendant's refusal to accommodate a pregnant female constitutes discrimination based on sex in violation of The Pregnancy Discrimination Act and Title VII.

33.     Because Defendant will not accommodate or attempt to accommodate pregnant females, Defendant has discriminated against Plaintiff on the basis of her status as a pregnant female.

34.     The effect of this practice has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of the basis of her status as a pregnant woman.

## COUNT TWO
## (RETALIATION IN VIOLATION OF TITLE VII)

35.   Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

36.   As detailed in the previous factual averments, Plaintiff has been discriminated against, singled-out, and treated differently than similarly situated employees because of her status as a pregnant female in violation of Title VII.

37.   Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by terminating the employment of Plaintiff.

38.   The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and her right to be free of discrimination based upon her reporting gender discrimination.

39.   The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

40.   The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

41.    The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which she claims damages.

42.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is her only means of securing adequate relief.

43.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

**COUNT THREE**
**(RETALIATION IN VIOLATION OF THE**
**AMERICANS WITH DISABILITIES ACT)**

44.    Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

45.    Plaintiff requested an accommodation(s) that were reasonable and aimed at allowing her to perform the essential function of her job with Defendant.

46.    Following her request for an accommodation(s), Plaintiff was terminated from her employment.

47.    Plaintiff avers that Defendant's actions and/or omissions were unlawful and retaliatory and in violation of the ADA.

## COUNT FOUR
## FMLA RETALIATION

48.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

49.    Defendant intentionally and willfully retaliated against the Plaintiff

when it terminated her after she exercised her rights under the FMLA.

50.    The reasons given by Defendant for terminating Plaintiff's

employment were pretextual.

51.    As a result of Defendant's retaliation against the Plaintiff for

exercising her rights under the FMLA, Plaintiff has been damaged,

suffering loss of pay and benefits.

## COUNT FIVE
## INTERFERENCE IN VIOLATION OF THE FMLA

52.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

53.    With regard to the Plaintiff, Defendant interfered with, restrained,

and/or denied the exercise of or attempted exercise of Plaintiff's

FMLA rights.

54.    Defendant wrongfully terminated Plaintiff and interfered with the

exercise of her FMLA rights.

9

55.    As a result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, the foregoing averments considered, Plaintiff demands judgment against the Defendant as follows:

(A)    Declaratory judgment that Defendant's employment practices, policies, procedures, conditions and customs are violative of the rights of the Plaintiff as secured by Title VII, The Pregnancy Discrimination Act, the ADA and FMLA.

(B)    Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII, The Pregnancy Discrimination Act, the ADA and/or FMLA;

(C)    Order Defendant, their agents, owners, and employees to institute and carry out policies, practices and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices, including implementing a consistent policy against discrimination and retaliation in the workplace;

(D)   Order Defendant to make Plaintiff whole by providing appropriate front pay, back pay and other monetary relief as may be available to her, including damages for her mental and emotional distress, embarrassment, humiliation and trauma;

(E)   Award Plaintiff her compensatory and punitive damages under the laws of the Constitution of the United States;

(F)   Award Plaintiff her costs and expenses in prosecuting this action, including an award of reasonable attorneys' fees;

(G)   Award such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by struck jury of all issues in this Complaint.

_____
W. Whitney Seals
Attorney for Plaintiff

**OF COUNSEL**:

**COCHRUN & SEALS, LLC**
PO Box 10448
Birmingham, AL 35202-0448
T: 205.323.3900
F: 205.323.3906
E: filings@cochrunseals.com

John C. Hubbard
Attorney for Plaintiff

**OF COUNSEL:**

**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
T: 205.378.8121
F: 205.690.4525
E: jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
Amy Billingsley
392 Crestline Cir.
Alexander City, AL 35010

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

Aspen Dental Management, Inc.
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104